Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JAMES LAWRENCE WILSON,
  *Defendant-Appellant.*

No. 03-4578

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-02-57)

Submitted: January 30, 2004

Decided: May 7, 2004

Before NIEMEYER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Andrew B. Banzhoff, Asheville, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Donald D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Lawrence Wilson appeals from the judgment of the district court convicting him of conspiring to distribute methamphetamine and sentencing him to eighty-seven months imprisonment. Finding no error, we affirm.

Wilson first claims that the admission of his confession by the district court was erroneous because his statement was taken in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and because it was made involuntarily. Specifically, Wilson claims that the four-hour delay between the time he was read his rights pursuant to *Miranda* and the time of the questioning rendered the warnings ineffective. We have previously considered and rejected similar claims. *See United States v. Frankson*, 83 F.3d 79, 81-83 (4th Cir. 1996) (finding two and one-half hour delay reasonable). Nothing in the matter presently before us sufficiently distinguishes it from the claims advanced in *Frankson* to warrant a different result.

Wilson's claim relating to voluntariness is likewise infirm. The touchstone of the analysis relating to the voluntariness of a confession is whether it is "the product of an essentially free and unconstrained choice by its maker." *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973) (internal quotation omitted). We have reviewed the factors suggested by Wilson and find under the totality of the circumstances that his "capacity for self-determination" was not "critically impaired." *Schneckloth*, 412 U.S. at 225; *United States v. Pelton*, 835 F.2d 1067, 1071 (4th Cir. 1987). Accordingly, we deny relief on this claim.

Wilson next asserts that insufficient evidence supported the district court's finding that the conspiracy involved fifty or more grams of methamphetamine. Because this matter was not raised below, we review the claim for plain error. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993). Wilson's sentence of eighty-seven months was well below the forty-year statutory maximum sentence on convictions involving less than fifty grams of methamphetamine. *See* 21 U.S.C. § 841(b)(1)(B) (2000). As a consequence, as a matter of due process,

Wilson's claim is not actionable before this court. *See United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000).

To the extent that Wilson assigns error to the calculation of his base offense level under the sentencing guidelines, our review of the evidence demonstrates that the district court properly relied on a threshold quantity of fifty grams or more. Accordingly, we find no plain error.

Wilson's final claim on appeal is that the district court erred in overruling his objection to a three-level enhancement on the basis that the conspiracy posed a substantial risk of harm to human life or the environment. *See U.S. Sentencing Guidelines Manual* § 2D1.1(b)(5)(B) (2002). We review this claim de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Our review of the Government's evidence compels us to reject this claim. Wilson and his co-conspirators were in possession of numerous hazardous chemicals that posed a substantial danger both to themselves and the environment in which they manufactured methamphetamine. Indeed, Wilson himself suffered significant chemical burns as a result of exposure to these chemicals, one of his co-conspirators was made ill by the fumes, and a hazardous materials team was needed to clean up the chemicals used by Wilson and his co-conspirators. Accordingly, we conclude that application of the enhancement was appropriate, and we deny relief on this final claim.

We affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*