**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4578**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES LAWRENCE WILSON,

Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-5732)

---

Submitted: November 9, 2005          Decided: December 5, 2005

---

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

Andrew B. Banzhoff, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Donald D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before us on remand from the United States Supreme Court. We previously affirmed James Lawrence Wilson's conviction for conspiracy to distribute fifty or more grams of methamphetamine and his eighty-seven month sentence. United States v. Wilson, No. 03-4578 (4th Cir. May 7, 2004) (unpublished). The Supreme Court vacated our decision and remanded Wilson's case for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

A Sixth Amendment error occurs when a district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Because Wilson did not raise a Sixth Amendment challenge to his guidelines sentence in the district court, our review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

The facts found by the jury are that Wilson was responsible for fifty or more grams of methamphetamine distribution as part of the charged conspiracy.[*] This drug quantity corresponds with a base offense level of twenty-six, see USSG § 2D1.1(c)(7), and a sentencing range of sixty-three to seventy-eight months'

---

[*]The district court's determination that the conspiracy created a substantial risk of harm to human life was not a factor considered by the jury. Accordingly, for the purpose of the guidelines calculation we do not consider this factor under U.S. Sentencing Guidelines Manual § 2D1.1(b)(5)(B) (2002).

imprisonment.  See USSG Ch. 5, Pt. A, table. (applying Wilson's criminal history category of I).  Wilson's sentence of eighty-seven months exceeds this range.  Because this error affects Wilson's substantial rights, we conclude it is plainly erroneous.  See Hughes, 401 F.3d at 547-48.

Accordingly, although we affirm Wilson's conviction for the reasons stated in our prior opinion of May 7, 2004, we vacate the sentence imposed by the district court and remand for resentencing in accordance with Booker.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART